**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| VICTORIA VILLARREAL, Individually and For Others Similarly Situated, | **Case No.** _____ |
| v. | JURY TRIAL DEMANDED |
| REMCO INSURANCE AGENCIES, INC. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**ORIGINAL COMPLAINT**

**SUMMARY**

1.     Plaintiff Victoria Villarreal (Villarreal) brings this lawsuit to recover unpaid overtime wages and other damages from Remco Insurance Agencies, Inc. (Remco) under the Fair Labor Standards Act (FLSA).

2.     Villarreal worked for Remco as an insurance agent.

3.     Villarreal and other similarly situated agents were paid a salary with no overtime compensation when working more than 40 hours a week.

4.     Remco's pay practice violates the FLSA because it paid non-exempt insurance agents a salary with no overtime.

5.     Villarreal also received a non-discretionary "Agency Fee" for each client who signed up for automotive insurance.

6.     This commission on the agency fee should be included in her regular rate to calculate her overtime owed.

7.     Villarreal brings this lawsuit to recover the unpaid overtime and other damages Remco owes to her and to the other insurance agents like her.

## JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

9.      Villarreal worked for Remco in Houston, Texas, in this District and Division.

## PARTIES

10.      Villarreal was employed by Remco as an insurance agent from April 2020 to October 2022.

11.      Villarreal regularly worked in excess of 40 hours a week without receiving overtime pay.

12.      Her written consent is attached as Exhibit A.

13.      Villarreal brings this action on behalf of herself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Villarreal and is properly defined as:

> **All salaried insurance agents or customer service agents employed by Remco during the past 3 years.** (the "Putative Class Members").

14.      The Putative Class Members are easily ascertainable from Remco's business and personnel records.

15.      Remco is covered by the FLSA and has been during the applicable statute of limitations. Remco is therefore obligated to pay its non-exempt employees overtime under the FLSA.

16.      Remco is a Texas Corporation and may be served through its registered agent: Rahim Peerbhai, 2700 S I-35, Austin, Texas 78704, or wherever he may be found.

## COVERAGE UNDER THE FLSA

17.      At all relevant times, Remco was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

18.      At all relevant times, Remco was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

19.     At all relevant times, Remco was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, equipment, and computers - that have been moved in or produced for commerce.

20.     At all relevant times, Remco has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

21.     At all times hereinafter mentioned, Villarreal and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

22.     Remco provides various forms of insurance to its client throughout Texas.

23.     To complete its business objectives, Remco employs agents to sell insurance and maintain service to new and existing customers.

24.     Villarreal was an insurance agent.

25.     As an insurance agent, Villarreal's primary job duties included calling new and existing customers, assisting customers, and selling insurance packages to new customers.

26.     This process was routine and largely governed by standardized plans and checklists created by Remco.

27.     All of insurance agents perform substantially processes using forms and checklists developed by Remco.

28.     Every element of an agents job was predetermined by Remco, including the schedule of their work and related work duties.

29.     No advanced degree is required to become an insurance agent for Remco.

30.     To the extent these agents make "decisions," the decisions do not require the exercise of independent discretion and judgment.

31.     Instead, Remco's agents apply well-established procedures.

32.     When agents perform their work, they do so use established guidelines and predetermined parameters.

33.     Agents are not permitted to deviate from established guidelines.

34.     Agents often attended mandatory meetings and workshops which outlined their duties.

35.     With these job duties, Remco's insurance agents are clearly **non-exempt** under the FLSA.

36.     Most of Remco's agents work long hours in excess of 40 hours a week.

37.     Agents were required to regularly work 10-11 hours in a day and five to six days a week.

38.     Remco does not pay its agents overtime for hours worked in excess of 40 in a workweek.

39.     Instead, Remco pays agents a base salary.

40.     Villarreal and the Putative Class Members worked for Remco as insurance agents over the past three years.

41.     As a result of Remco's pay policies, Villarreal and the Putative Class Members were denied the overtime pay required by federal law.

42.     Remco keeps accurate records of the hours its agents' work.

43.     Remco's insurance agents are required to clock into and out of work.

44.     Remco also keeps accurate records of the amount of pay insurance agents receive.

45.     Remco was also supposed to pay its agents an "Agent Fee" for every customer they signed up.

46.     This "Agent Fee" was not discretionary.

47.     The "Agent Fee" should be included in its agents' regular rate for calculating their overtime compensation due under the FLSA.

48.     Despite knowing the FLSA's requirements and that its insurance agents regularly worked more than 40 hours in a workweek, Remco does not pay them overtime.

49.     Remco did not investigate whether its insurance agents were non-exempt under the FLSA.

50.     Remco failed to conduct a time study of how much work its insurance agents performed work which required independent judgment.

51.     Remco has been sued for this exact pay practice on three occasions.

52.     Remco willfully violated the FLSA because it failed to pay its insurance agents overtime as required for non-exempt insurance agents.

### COLLECTIVE ACTION ALLEGATIONS

53.     Villarreal incorporates all previous paragraphs and alleges that the illegal pay practices Remco imposed on her were likewise imposed on the Putative Class Members.

54.     In addition to Villarreal, Remco employed other insurance agents who worked over forty hours per week with no overtime pay, were paid a salary, and were improperly classified as exempt employees. These Putative Class Members performed the same job duties described above and they were subjected to the same unlawful policies which constitutes a willful violation of the FLSA.

55.     The Putative Class Members are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Villarreal and the Putative Class Members are similarly situated in all relevant respects.

56.     Remco imposed a uniform practice or policy on Villarreal and the Putative Class Members who all performed the same or similar job duties.

57.     Remco's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Putative Class Members.

58.     Villarreal's experiences are typical of the experiences of all Putative Class Members.

59.     Villarreal has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, Villarreal has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

60.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**FLSA VIOLATIONS**

62.     Villarreal incorporates the preceding paragraphs by reference.

63.     As set forth herein, Remco violated the FLSA by failing to pay Villarreal and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

64.     At all relevant times, Remco has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

65.     Remco employed Villarreal and each Putative Class Member.

66.     Remco's pay policy denied Villarreal and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

67.     Remco owes Villarreal and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

68.     Remco knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Villarreal and the Putative Class Members is willful.

69.     Due to Remco's FLSA violation, Villarreal and the Putative Class Members are entitled to recover from Remco their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

70.     The improper pay practices at issue were part of a continuing course of conduct, entitling Villarreal and Putative Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

71.     Villarreal demands a trial by jury.

## PRAYER

WHEREFORE, Villarreal prays for:

a.  An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b.  An order finding Remco liable for violation of federal wage laws with respect to Villarreal and all Putative Class Members covered by this case;

c.  A judgment against Remco awarding Villarreal and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

d.  An order awarding attorney fees, costs, and expenses;

e.  Pre- and post-judgment interest at the highest applicable rates; and

f.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,


By: _/s/ Michael A. Josephson_
Michael A. Josephson
Texas Bar No. 24014780
Fed Id. 27157
Andrew W. Dunlap
Texas Bar No. 24078444
Federal ID No. 1093163
Richard M. Schreiber
Texas Bar No. 24056278
Federal ID No. 705430
**Josephson Dunlap LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
Federal ID No. 21615
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**Attorneys in Charge for Plaintiff**